In The United States District Court
For The Western District of Massachusetts

## 05 - 30162 - MAP

| | |
|---|---|
| **Steve Boutin,** | **CIVIL ACTION NO.:** |
| **PLAINTIFF** | American Disabilities Act; Discrimination Under Title VII, Civil Rights Act of 1964; Hostile Work Environment; Retaliation, Punitive Damages; Trial by Jury |
| v. | |
| **HOME DEPOT U.S.A., INC.,** | |
| **DEFENDANT** | |
| **COMPLAINT** | FILING FEE PAID:<br>RECEIPT # 305492<br>AMOUNT $ 250.00<br>BY DPTY CLK MGL<br>DATE 7/7/05 |

TO THE HONORABLE COURT:

COMES NOW PLAINTIFF, through the undersigned attorney and respectfully allege and prays:

1. This is an action for compensatory and punitive damages for Defendant's violation of Plaintiff's federally protected rights under the Laws of the United States and the Laws of the Commonwealth of Massachusetts.

### JURISDICTION AND VENUE

2. Jurisdiction of this action is founded upon Section 107 (A) of the American Disabilities Act (hereinafter "ADA"), 42 U.S.C. 12101, et seq. which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5, as amended.

3. Venue of this action is proper under 28 USC Sec. 1391 (b). Supplemental jurisdiction (28 USC Sec. 1367) is invoked for the claims arising under the

violation of following Massachusetts Laws; M.G.L. 151B, §4(1), M.G.L. c 151B § 4(4)). M.G.L. c. 93, ' 102 (equal rights act), sex discrimination in violation M.G.L. c. 15 1 B, ' 4(4), and retaliation in violation of ' 4(4A) for exercising his rights under that provision.

4. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 USC Section 2000e-5(f)(3) have occurred or been complied with:

   a. A charge of employment discrimination on the basis of disability discrimination was timely filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

   b. A Notice of Right to Sue was sent by the EEOC, dated April 6, 2005. The Notice was received by Plaintiff on or about April 8, 2005.

   c. This Complaint has been filed within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

5. Plaintiff Steve Boutin (hereinafter Boutin or Plaintiff) is an adult and a resident of Chicopee, Massachusetts and a citizen of the United States.

6. Defendant, Home Depot U.S.A., Inc. (hereinafter "Home Depot" or "Defendant") is upon information and belief a corporation and/or legal entity organized under the Laws of the Commonwealth of Massachusetts.

7. Defendant is corporation and/or legal entity subject to the laws of the United States and of the Commonwealth of Massachusetts, including American with Disabilities Act, 42 USC 12101-13, et seq.

8. Defendant is an "employer" within the meaning of 42 USC 12111, employing 15 or more employees for each working day, in each of 20 or more calendar weeks in the current and preceding calendar year, and engaged in an industry affecting commerce.

9. Defendant is a "person" within the meaning of Section 107 (7) of the ADA, 42 USC Section 12111 (7), and Section 701 of the Title VII of the Civil Rights Act of 1964, 42 USC Sec. 2000e.

10. Defendant is engaged in an industry that affects commerce within the meaning of Section 101 (7) of the ADA, 42 USC Sec. 12111 (7), and Section 701 of the Civil Rights Act of 1964, 42 USC Sec. 2000e.

## FACTS

11. Plaintiff is a full-time single parent with full custody.

12. Plaintiff suffers from depression and anxiety for which he is being treated by Dr. Schuyler Whitman.

13. Plaintiff was hired as a Receiving Associate at Store #2662 in West Springfield, Massachusetts on or about April 1, 1991.

14. Upon hire, Plaintiff was assured by Defendant that Plaintiff would always have a schedule that would accommodate his child care needs.

15. Mr. Boutin worked in several different departments and positions throughout his employment with Defendant.

16. Plaintiff's job performance has always been satisfactory.

17. On several occasions during the year 2003, Plaintiff approached his department manager, Patricia LeFore, to request a change in his schedule to accommodate his child-care issues.

18. Mr. Boutin explained to Ms. LaFore (female) and later to store manager, Chris Catalina (female), that he needed to adjust his hours to permit him to care for his 11-year old daughter after school.

19. Plaintiff further explained and formally informed Defendant that Plaintiff is disabled due to depression and anxiety which is exacerbated by Home Depot's schedule restrictions and his inability to care for his daughter after school.

20. Plaintiff had previously submitted a recommendation from his treating physician, Dr. Whitman, dated June 25, 2003, confirming his ongoing treatment for depression and anxiety and his need for schedule change.

21. Plaintiff's treating physician, Dr. Whitman, explained that, without the accommodation sought by Plaintiff, his anxiety and depression would be further exacerbated.

22. Rather than accommodate Plaintiff's request for a specific schedule, Ms. LaFore summarily denied the request and threatened to place Plaintiff on a rotating schedule with no set hours.

23. Ms. LaFore's conduct merely served to exacerbate Mr. Boutin's ongoing depression and anxiety.

24. **Ms. LaFore intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of her conduct.**

25. On or about July 15, 2003, Plaintiff filed a charge with the Commission Against Discrimination for disability and gender discrimination.

26. At the time of Plaintiff's request for a work schedule change, Defendant had been informed of Plaintiff's disability within the meaning of Section 107 (7) of the ADA, 42 USC Section 12111 (7).

27. Plaintiff's immediate supervisor, Dory Farrington, granted Plaintiff's schedule change.

28. Plaintiff then informed the department manager, Patricia LeFore, that Farrington granted his request for a schedule change.

29. Ms. LeFore, later informed Plaintiff that his request for a schedule change will be denied.

30. Upon the news that that Plaintiff's request for a schedule change was denied, his medical condition became exasperated.

31. Plaintiff is under the care of a doctor for his disability. Upon Plaintiff's visit with his doctor, the doctor suggested that he change his working hours in order to help stabilize his anxiety levels

32. Plaintiff was subjected to discrimination because of his disability (Depression and Anxiety disorder) and gender (male)." Plaintiff was subjected to illegal discrimination, specifically, denied scheduling accommodations for childcare issues, while female associates are accommodated.

33. Plaintiff was denied reasonable accommodation despite his disability (Depression and Anxiety disorder).

### FIRST CAUSE OF ACTION
Violation of American with Disabilities Act)

34. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein.

35. Boutin is, and was, at the time of his claim of discrimination an individual with a "disability" within the meaning of Section 3 (2) of the American with Disabilities Act, 42 USC Sec. 12102 (2), since he has been retaliated against for asserting his constitutional rights.

36. Boutin is a "qualified individual with a disability" as that term is defined in section 101(8) of the ADA. More specifically, Boutin is an individual with a disability who could perform the essential function of his job at the time he employment discrimination claim.

37. As a direct and proximate result of the violations of Boutin's rights by Defendant, he has suffered and continues to suffer depression, and other substantial damages such as physical and emotional pain, distress, and mental anguish, humiliation and other non-pecuniary losses.

### SECOND CAUSE OF ACTION
(Unlawful Retaliation in violation of G.L. c. 151B § 4(4))

38. Defendant retaliated against Plaintiff by verbally harassing Plaintiff.

39. Defendant retaliated against Plaintiff for having engaged in protected activity

when he reasonably and in good faith believed that he was discriminated against and acted reasonably in response to that belief by filing a claim of discrimination with the Massachusetts Commission Against Discrimination (MCAD) Commission because of his sex (male) and "Disability" as that term is defined in section 101(8) of the ADA.

40. These adverse actions occurred within a time period reasonably close to the protected activity such that retaliation can be inferred.

41. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein..

42. Plaintiff has suffered mental anguishes and economical hardships as a consequence of Defendants unlawful harassment.

Plaintiff requests the judgment of this Court against Defendants as follows.

    a. Grant Plaintiff the right to a jury trial.

    b. Find and hold that Plaintiff suffered from Defendants' acts of discrimination on the basis of gender and disability as that term is defined in section 101(8) of the ADA .

    c. Award Plaintiff compensatory damages under ADA for the acts of discrimination as well as for the depression, physical and emotional pain, distress, mental anguish, humiliation and other non-pecuniary losses.

    d. Award Plaintiff punitive Damages under ADA.

    e. Order the Defendant to pay Plaintiff compensatory damages for depression, physical and emotional pain, distress, mental anguish, loss of

enjoyment of life, humiliation and other nonpecuniary losses, due to Defendants discriminatory acts.

WHEREFORE, it is respectfully requested from this Honorable Court to consider and grant this Complaint, awarding Plaintiff the aforementioned relief, plus prejudgment and post-judgment interest, all legal costs and attorney fees. Such further relief as the Court may deem just and proper.

**PLAINTIFF REQUEST A JURY TRIAL**

**DATE: JULY 7, 2005**

Respectfully submitted,

**STEVE BOUTIN
BY HIS ATTORNEY**

**Tammy Sharif, Esq.
BBO# 659134
The Historical Walker Building
1242 Main Street, Suite 314
Springfield, MA 01103**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

05-30162-MAP

(b) County of Residence of First Listed Plaintiff  Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1981 & 706 of Title VII

Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE

DOCKET NUMBER

DATE  7-7-2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Steve Boutin v. Home Depot, Inc_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   05-30162-MAP

   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   II.  195, 196, 368, 400, 440, (441-446), 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
        740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

   III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
        315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
        380, 385, 450, 891.

   IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
        690, 810, 861-865, 870, 871, 875, 900.

   V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES    NO ✓
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES    NO

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES    NO ✓

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ✓    NO

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division    Central Division    Western Division ✓

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division    Central Division    Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES    NO

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Tammy Sharif_
ADDRESS _1242 Main St, Ste 34, Spfld MA 01103_
TELEPHONE NO. _413-439-0200_    Fax 413-785-0802

(CategoryForm.wpd - 5/2/05)