In The United States District Court
For The Western District of Massachusetts

| | |
|---|---|
| **Steve Boutin,**<br>**PLAINTIFF**<br><br>v.<br><br>**HOME DEPOT U.S.A., INC.,**<br>**DEFENDANT** | **CIVIL ACTION NO.:**<br>American Disabilities Act; Discrimination Under Title VII, Civil Rights Act of 1964; Hostile Work Environment; Retaliation, Punitive Damages; Trial by Jury<br><br>05 CV 30162-MHP |

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 15(a), the plaintiff hereby amends his Complaint as a matter of course, prior to the service of a responsive pleading, as to read follows:

1. This is an action for compensatory and punitive damages for Defendant's violation of Plaintiff's federally protected rights under the Laws of the United States and the Laws of the Commonwealth of Massachusetts.

### JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1343 (3) & (4) and 42 U.S.C. §§1983 and 1988 as this case arises under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As plaintiffs' state law claims derive from the same nucleus of operative facts as his federal claims, this Court has pendent jurisdiction pursuant to 28 U.S.C. sec. 1367.

3. At all times relevant hereto, Defendant Home Depot, Inc., a corporation licensed and doing business in Massachusetts, is and at all times mentioned herein was an employer within the meaning of the Americans with Disabilities Act (ADA) and the Family Medical Leave Act (FMLA).

4. This Court has jurisdiction over this matter as this matter involves a federal question based upon the Americans With Disabilities Act of 1990 and the Family Medical Leave Act.

5. Jurisdiction of this action is founded upon Section 107 (A) of the American Disabilities Act (hereinafter "ADA"), 42 U.S.C. 12101, et seq. which incorporates by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-5, as amended.

6. Venue of this action is proper under 28 USC Sec. 1391 (b). Supplemental jurisdiction (28 USC Sec. 1367) is invoked for the claims arising under the violation of following Massachusetts Laws; M.G.L. 151B, §4(1), M.G.L. c. 151B § 4(4)). M.G.L. c. 93, ' 102 (equal rights act), sex discrimination in violation M.G.L. c. 15 1 B, ' 4(4), and retaliation in violation of ' 4(4A) for exercising his rights under that provision.

7. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 USC Section 2000e-5(f)(3) have occurred or been complied with:

   a. A charge of employment discrimination on the basis of disability discrimination was timely filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practices alleged herein.

   b. A Notice of Right to Sue was sent by the EEOC, dated April 6, 2005. The Notice was received by Plaintiff on or about April 8, 2005.

   c. This Complaint has been filed within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8. At all times relevant hereto, Plaintiff, Steve Boutin (hereinafter Boutin or Plaintiff) is an adult, has resided in Chicopee, Massachusetts and is a citizen of the United States.

9. Defendant, Home Depot U.S.A., Inc. (hereinafter "Home Depot" or "Defendant") is upon information and belief a corporation and/or legal entity organized under the Laws of the Commonwealth of Massachusetts.

10. Defendant is corporation and/or legal entity subject to the laws of the United States and of the Commonwealth of Massachusetts, including American with Disabilities Act, 42 USC 12101-13, et seq.

11. Defendant is an "employer" within the meaning of 42 USC 12111, employing 15 or more employees for each working day, in each of 20 or more calendar weeks in the current and preceding calendar year, and engaged in an industry affecting commerce.

12. Defendant is a "person" within the meaning of Section 107 (7) of the ADA, 42 USC Section 12111 (7), and Section 701 of the Title VII of the Civil Rights Act of 1964, 42 USC Sec. 2000e.

13. Defendant is engaged in an industry that affects commerce within the meaning of Section 101 (7) of the ADA, 42 USC Sec. 12111 (7), and Section 701 of the Civil Rights Act of 1964, 42 USC Sec. 2000e.

## FACTS

14. Plaintiff is a full-time single parent with full custody.

15. Plaintiff suffers from depression and anxiety for which he is being treated by Dr. Schuyler Whitman.

16. Plaintiff was hired as a Receiving Associate at Store #2662 in West Springfield, Massachusetts on or about April 1, 1991.

17. Upon hire, Plaintiff was assured by Defendant that Plaintiff would always have a schedule that would accommodate his child care needs.

18. Mr. Boutin worked in several different departments and positions throughout his employment with Defendant.

19. Plaintiff's job performance has always been satisfactory.

20. On several occasions during the year 2003, Plaintiff approached his department manager, Patricia LeFore, to request a change in his schedule to accommodate his child-care issues.

21. Mr. Boutin explained to Ms. LaFore (female) and later to store manager, Chris Catalina (male), that he needed to adjust his hours to permit him to care for his 11-year old daughter after school.

22. Plaintiff further explained and formally informed Defendant that Plaintiff is disabled due to depression and anxiety which is exacerbated by Home Depot's schedule restrictions and his inability to care for his daughter after school.

23. Plaintiff had previously submitted a recommendation from his treating physician, Dr. Whitman, dated June 25, 2003, confirming his ongoing treatment for depression and anxiety and his need for schedule change.

24. Plaintiff's treating physician, Dr. Whitman, explained that, without the accommodation sought by Plaintiff, his anxiety and depression would be further exacerbated.

25. Rather than accommodate Plaintiff's request for a specific schedule, Ms. LaFore summarily denied the request and threatened to place Plaintiff on a rotating schedule with no set hours.

26. Plaintiff at all times met all legitimate job expectations of Defendant employer.

27. Ms. LaFore's conduct merely served to exacerbate Mr. Boutin's ongoing depression and anxiety.

28. Ms. LaFore intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of her conduct.

29. On or about July 15, 2003, Plaintiff filed a charge with the Commission Against Discrimination for disability and gender discrimination.

30. At the time of Plaintiff's request for a work schedule change, Defendant had been informed of Plaintiff's disability within the meaning of Section 107 (7) of the ADA, 42 USC Section 12111 (7).

31. Plaintiff's immediate supervisor, Dory Farrington, granted Plaintiff's schedule change.

32. Plaintiff then informed the department manager, Patricia LeFore, that Farrington granted his request for a schedule change.

33. Ms. LeFore, later informed Plaintiff that his request for a schedule change will be denied.

34. Upon the news that that Plaintiff's request for a schedule change was denied, his medical condition became exasperated.

35. Plaintiff is under the care of a doctor for his disability. Upon Plaintiff's visit with his doctor, the doctor suggested that he change his working hours in order to help stabilize his anxiety levels

36. Plaintiff was subjected to discrimination because of his disability (Depression and Anxiety disorder) and gender (male)." Plaintiff was subjected to illegal discrimination, specifically, denied scheduling accommodations for childcare issues, while female associates are accommodated.

37. Plaintiff was denied reasonable accommodation despite his disability (Depression and Anxiety disorder).

### FIRST CAUSE OF ACTION
(Violation of American with Disabilities Act)

38. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein.

39. Boutin is, and was, at the time of his claim of discrimination an individual with a "disability" within the meaning of Section 3 (2) of the American with Disabilities Act, 42 USC Sec. 12102 (2), since he has been retaliated against for asserting his constitutional rights.

40. Boutin is a "qualified individual with a disability" as that term is defined in section 101(8) of the ADA. More specifically, Boutin is an individual with a disability who could perform the essential function of his job at the time he employment discrimination claim.

41. As a direct and proximate result of the violations of Boutin's rights by Defendant, he has suffered and continues to suffer depression, and other substantial damages such as physical and emotional pain, distress, and mental anguish, humiliation and other non-pecuniary losses.

### SECOND CAUSE OF ACTION
(Unlawful Retaliation in violation of G.L. c. 151B § 4(4))

42. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein.

43. Defendant retaliated against Plaintiff by verbally harassing Plaintiff.

44. Defendant retaliated against Plaintiff for having engaged in protected activity when he reasonably and in good faith believed that he was discriminated against and acted reasonably in response to that belief by filing a claim of discrimination with the Massachusetts Commission Against Discrimination (MCAD) Commission because of his sex (male) and "Disability" as that term is defined in section 101(8) of the ADA.

45. Plaintiff has suffered mental anguishes and economical hardships as a consequence of Defendants unlawful harassment.

### THIRD CAUSE OF ACTION
(Negligent or Intentional Infliction of Emotional Distress)

46. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein.

47. Defendants' actions described herein were intentional and inflicted upon Plaintiff severe mental and emotional distress.

48. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal i

### FOURTH CAUSE OF ACTION
(Gender Discrimination in Violation of M.G.L. c. 151B)

49. Plaintiff repeats and re-alleges each and every preceding allegation as if fully set herein.

50. Plaintiff was a male and fully qualified for his position at all relevant times.

51. During his employment with Defendant, Plaintiff is treated differently than similarly situated female employees.

52. Numerous female employees of Defendant employer have been afforded the exact same accommodations sought by Plaintiff.

53. During his employment with Defendant, Plaintiff was harassed because of his gender.

54. By discriminating against plaintiff in the terms and conditions of his employment, defendants have subjected plaintiff to sex discrimination in violation of the Fourteenth Amendment.

55. Defendant's intentional, willful, and malicious conduct and wanton and reckless disregard of Plaintiff's rights proximately caused Plaintiff to suffer damages and Plaintiff is entitled to judgment and damages in an amount to be proven at trial.

## PLAINTIFF REQUEST A JURY TRIAL

Plaintiff requests the judgment of this Court against Defendants as follows.

    a. Grant Plaintiff the right to a jury trial.

    b. Find and hold that Plaintiff suffered from Defendants' acts of discrimination on the basis of gender and disability as that term is defined in section 101(8) of the ADA.

    c. Award Plaintiff compensatory damages under ADA for the acts of discrimination as well as for the depression, physical and emotional pain, distress, mental anguish, humiliation and other non-pecuniary losses.

    d. Award Plaintiff punitive Damages under ADA.

  e. Order the Defendant to pay Plaintiff compensatory damages for depression, physical and emotional pain, distress, mental anguish, loss of enjoyment of life, humiliation and other nonpecuniary losses, due to Defendants discriminatory acts.

WHEREFORE, it is respectfully requested from this Honorable Court to consider and grant this Complaint, awarding Plaintiff the aforementioned relief, plus prejudgment and post-judgment interest, all legal costs and attorney fees. Such further relief as the Court may deem just and proper.

**PLAINTIFF REQUEST A JURY TRIAL**

**DATE: OCTOBER 20, 2005**

            Respectfully submitted,

            **STEVE BOUTIN**
            **BY HIS ATTORNEY**

            **Tammy Sharif, Esq.**
            **BBO# 659134**
            **The Historical Walker Building**
            **1242 Main Street, Suite 314**
            **Springfield, MA 01103**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Plaintiff's Amended Complaint was this day served upon all parties to this action by summons.

SIGNED under the pains and penalties of perjury.

Dated: October 20, 2005

Respectfully submitted,
Steve Boutin
By his Attorney,

Tammy Sharif, Esq., BBO# 659134
The Walker Building
1242 Main Street, Suite 314
Springfield, MA  01103
Ph. (413)439-0200 / FAX 413-785-0801