UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
STEVE BOUTIN,                )
                             )
        Plaintiff,           )
                             )
v.                           )    Civil Action No.  05-30162-MAP
                             )
HOME DEPOT U.S.A., INC.,     )
                             )
        Defendant.           )
_____)
```

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Home Depot U.S.A., Inc. ("Home Depot" or "Defendant") hereby answers the Amended Complaint of plaintiff, Steve Boutin ("Boutin" or "Plaintiff"), as follows:

1. Home Depot states that paragraph 1 of the Amended Complaint is not an allegation to which a response is required. To the extent paragraph 1 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

**Jurisdiction and Venue**

2. Home Depot admits the allegations contained in paragraph 2 of the Amended Complaint.

3. Home Depot states that paragraph 3 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 3 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

4. Home Depot admits the allegations of paragraph 4 of the Amended Complaint.

5. Home Depot states that paragraph 5 of the Amended Complaint is not an allegation to which a response is required. To the extent paragraph 5 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

6. Home Depot states that paragraph 6 of the Amended Complaint is not an allegation to which a response is required. To the extent paragraph 6 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

7. Home Depot states that paragraph 7 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 7 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

    a. Home Depot denies the allegations contained in subparagraph 7(a).

    b. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in subparagraph 7(b) of the Amended Complaint and therefore denies same.

    c. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in subparagraph 7(c) of the Amended Complaint and therefore denies same.

**Parties**

8. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and therefore denies same.

9. Home Depot denies the allegations contained in paragraph 9 of the Amended Complaint.

10. Home Depot states that paragraph 10 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 10 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

11. Home Depot states that paragraph 11 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 11 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

12. Home Depot states that paragraph 12 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 12 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

13. Home Depot states that paragraph 13 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 13 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

**Facts**

14. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and therefore denies same.

15. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and therefore denies same.

16. Home Depot admits the allegations contained in paragraph 16 of the Amended Complaint.

17. Home Depot denies the allegations contained in paragraph 17 of the Amended Complaint.

18. Home Depot admits the allegations contained in paragraph 18 of the Amended Complaint.

19. Home Depot denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Amended Complaint and therefore denies same.

21. Home Depot admits the allegations contained in paragraph 21 of the Amended Complaint.

22. Home Depot denies the allegations contained in paragraph 22 of the Amended Complaint.

23. Home Depot denies the allegation contained in paragraph 23 of the Amended Complaint to the extent it alleges Dr. Whitman "confirmed" Plaintiff's "need for a schedule change." Home Depot admits the remainder of the allegations contained in paragraph 23 of the Amended Complaint.

24. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint.

25. Home Depot denies the allegations contained in paragraph 25 of the Amended Complaint.

26. Home Depot denies the allegations contained in paragraph 26 of the Amended Complaint.

27. Home Depot denies the allegations contained in paragraph 27 of the Amended Complaint.

28. Home Depot denies the allegations contained in paragraph 28 of the Amended Complaint.

29. Home Depot admits the allegations contained in paragraph 29 of the Amended Complaint.

30. Home Depot denies the allegations contained in paragraph 30 of the Amended Complaint.

31. Home Depot denies the allegations contained in paragraph 31 of the Amended Complaint.

32. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint and therefore denies same.

33. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and therefore denies same.

34. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and therefore denies same.

35. Home Depot states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and therefore denies same.

36. Home Depot denies the allegations contained in paragraph 36 of the Amended Complaint.

37. Home Depot denies the allegations contained in paragraph 37 of the Amended Complaint.

**First Cause of Action**
**(Violation of Americans with Disabilities Act)**

38. Paragraph 38 is not an allegation to which a response from Home Depot is required.

39. Home Depot states that paragraph 39 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 39 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

40. Home Depot states that paragraph 40 of the Amended Complaint calls for a legal conclusion to which a response is not required. To the extent paragraph 40 of the Amended Complaint contains allegations of fact to which a response is required, Home Depot denies same.

41. Home Depot denies the allegations contained in paragraph 41 of the Amended Complaint.

## Second Cause of Action
### (Unlawful Retaliation in Violation of G.L. c. 151B, §4(4))

42. Paragraph 42 is not an allegation to which a response from Home Depot is required.

43. Home Depot denies the allegations contained in paragraph 43 of the Amended Complaint.

44. Home Depot denies the allegations contained in paragraph 44 of the Amended Complaint.

45. Home Depot denies the allegations contained in paragraph 45 of the Amended Complaint.

## Third Cause of Action
### (Negligent or Intentional Infliction of Emotional Distress)

46. Paragraph 46 is not an allegation to which a response from Home Depot is required.

47. Home Depot denies the allegations contained in paragraph 47 of the Amended Complaint.

48. Home Depot denies the allegations contained in paragraph 48 of the Amended Complaint.[1]

### Fourth Cause of Action
### (Gender Discrimination in Violation of G.L. c. 151B)

49. Paragraph 49 is not an allegation to which a response from Home Depot is required.

50. Home Depot denies the allegations contained in paragraph 50 of the Amended Complaint.

51. Home Depot denies the allegations contained in paragraph 51 of the Amended Complaint.

52. Home Depot denies the allegations contained in paragraph 52 of the Amended Complaint.

53. Home Depot denies the allegations contained in paragraph 53 of the Amended Complaint.

54. Home Depot denies the allegations contained in paragraph 54 of the Amended Complaint.

55. Home Depot denies the allegations contained in paragraph 55 of the Amended Complaint.

### **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Amended Complaint in whole or in part fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Paragraph 48 of the Amended Complaint is incomplete.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, by the doctrines of waiver, laches, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because plaintiff's own conduct proximately caused any harm suffered or loss incurred.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because plaintiff has suffered no damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed properly to mitigate damages, the existence of which the defendant denies, as required by law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because the defendant's actions were at all times proper and lawful, in the advancement of legitimate business interests and responsibilities.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are limited by statute.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred in whole or in part because, at all relevant times, the actions of the defendant were legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law.

### TENTH AFFIRMATIVE DEFENSE

The exclusive remedy provisions of Massachusetts Workers Compensation law provided in G.L. c. 152 bar plaintiff's Amended Complaint, in whole or in part.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because plaintiff has failed to exhaust his administrative remedies.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, because all employment decisions regarding or affecting plaintiff were based upon legitimate, non-discriminatory reasons that were in no way related to plaintiff's alleged disability and/or gender.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is barred, in whole or in part, to the extent his claims exceed the scope of, or are inconsistent with, his charge of discrimination.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint should be dismissed, as he failed to serve the complaint when was required to do.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant did not have actual or constructive knowledge of any of the alleged discriminatory acts alleged in Plaintiff's Amended Complaint at any time material to his Amended Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer an adverse employment action.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff was not a qualified individual with a disability within the meaning of the ADA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant provided Plaintiff with a reasonable accommodation of Plaintiff's claimed disability.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's failure to accommodate claim is barred by Plaintiff's failure to engage in an interactive process with Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to an accommodation that would impose an undue hardship on Defendant.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant did not negligently or intentionally engage in extreme or outrageous conduct toward Plaintiff nor did Defendant negligently or intentionally cause Plaintiff to suffer emotional distress.

### **TWENTY-SECOND AFFIRMATIVE DEFENSE**

Any alleged emotional distress claimed by Plaintiff was not so intense or of such duration that no ordinary person should be expected to endure it.

### **TWENTY-THIRD AFFIRMATIVE DEFENSE**

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

### **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred because Plaintiff suffered no physical injuries as a result of any alleged conduct on the part of Defendant.

### **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

To the extend Plaintiff's allegations relate to actions of agents or potential agents of Defendant, the conduct of the agents or potential agents, if proven, was beyond the scope of their actual, apparent, or implied authority.

### **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to amend this answer to modify its responses and add such affirmative defenses as warranted by additional investigation and discovery in this case.

WHEREFORE, Defendant requests that:

1. Plaintiff's Amended Complaint be dismissed;
2. Defendant be awarded costs and fees; and
3. Defendant be granted such other and further relief, as the Court deems appropriate.

With respect to Plaintiff's prayer for relief, Home Depot denies that Plaintiff is entitled to such relief or any relief whatsoever. Home Depot denies each and every allegation in the Amended Complaint not expressly admitted above.

                Respectfully submitted,

                HOME DEPOT, U.S.A., INC.

                By Its Attorneys,

                /s/ Tracy Thomas Boland
                Robert P. Joy, Jr. (BBO No. 254820)
                Joseph P. McConnell (BBO No. 566412)
                Tracy Thomas Boland (BBO No. 638878)
                MORGAN, BROWN & JOY, LLP
                200 State Street
                Boston, Massachusetts 02109
                617 523-6666

Date: December 6, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was served on counsel for Plaintiff, Tammy Sharif, Law Firm of Tammy Sharif, The Walker Building, 1242 Main Street, Suite 314, Springfield, MA 01103, by electronic notification, this 6th day of December, 2005.

                /s/ Tracy Thomas Boland
                Tracy Thomas Boland